## W. Judah *v.* Jacob Bickel.

[Abstract Kentucky Law Reporter, Vol. 4—715.]

**Redemption from Judicial Sale.**

> While in case the chancellor, having jurisdiction of the parties and the thing to be sold, sells, the title passes and the purchasers will hold, still when a creditor who becomes a purchaser accepts the full amount of his debt from the judgment debtor or her surety, he can not hold the money and the property both, and the acceptance by him of payment of his debt amounts to an agreement to restore the property at least in a court of equity.

**Rights of a Surety.**

> Where a surety pays the debt of his principal, and the creditor who has become the purchaser of real estate of the principal sold by the chancellor to pay the same debt accepts from such surety the full amount of his debt, the surety having paid the debt can subject the property for the purpose of reimbursing him; and if the property sells for any sum in excess of the debt, interest and costs, such excess belongs to the principal.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

February 1, 1883.

Opinion by Judge Pryor:

The appellant, Judah, is still insisting that he can receive from the principals, Reamer and wife, or their surety, the entire amount of his debt with the interest, costs and damages, and yet hold the property that he purchased in satisfaction or in part satisfaction of the same debt. The payment by the surety is in effect a payment for the principal, and when this case was here on another appeal counsel for Bickel wanted a correction or modification of the mandate so as to require Judah to surrender the property to Bickel upon the ground that Bickel, having paid the debt, was entitled to the property. *Bickel v. Judah,* p. 612, this volume. This court refused to modify the mandate, and for the reason that if the property was sold as directed and brought more than Bickel's debt the balance remaining, whether of the property itself or the proceeds, belonged to Mrs. Reamer. The reason might not have been assigned in the response, if any was made, but Bickel, like Judah, must stop when his debt is paid. Counsel still maintains that the effect of this decision is to nullify Judah's purchase. This is true in some sense, because the

judgment upon which the sale was made has been satisfied. The foundation is gone and the building must fall, as before stated. Suppose Mrs. Reamer instead of Bickel had gone to Judah and paid him the debt, interest and damages, can it be maintained for a moment that he could hold on to the money and at the same time retain the property he had purchased to satisfy the debt? It is immaterial whether the satisfaction is only partial or in full.

We are asked the question, If Bickel the surety had not paid the debt would not Judah as against Reamer be entitled to his rights as purchaser? There can be no doubt upon that question, and as decided in *Yocum v. Foreman,* 14 Bush (Ky.) 494, the reversal of the judgment can not affect the rights of a purchaser. He will still hold the title. But we see no analogy, and there is none, between this class of cases and where the creditor after he purchases the property in satisfaction of his debt, receives the money from the principal debtor or those liable jointly with him in satisfaction of the judgment upon which the sale was made.

A court of equity, if the creditor has obtained a conveyance, will make him surrender the title, or if no conveyance has been made, will declare that whatever rights he acquired by the purchase no longer exist. When the chancellor sells, having jurisdiction of the parties and the thing to be sold, the title passes and the purchaser will hold; but this doctrine does not go to the extent as claimed by counsel that the party after his purchase can do nothing that will entitle his debtor to a reconveyance of the property purchased. It is what the purchaser did after the sale and purchase in this case that affects his title. He certainly had the right, if he desired, to reconvey the property to Mrs. Reamer. He had the right to permit her to redeem it. He had the right to take from her his debt and interest, and this amounted to an agreement to restore the property, at least in a court of equity. Instead of doing this he takes the debt, interest and costs, from the security, and the security having paid the debt can subject the property for the purpose of reimbursing him; and when this is done the remainder follows the rightful owner, the wife of Reamer, in whom the original title was vested.

When this case was sent back this court did not know what amount of taxes had been paid by Judah, or what defense he might interpose against the equity of the parties in interest, and therefore left the case open, and particularly so for the reason

that counsel for Judah differed so widely from the views presented by this court. Judah has paid no taxes, as appears from the record, and with every dollar of his money in his pocket is claiming still more by reason of his purchase under a judgment that has been satisfied in full, otherwise than by the purchase of the land. The judgment of the court below is *affirmed* without damages.

*Russell & Helm, for appellant.*

*Brown & Davie, for appellee.*

[Cited, *Talbott v. Campbell*, 23 Ky. L. 2198, 67 S. W. 53.]